IGNAZIO, APPELLEE, *v.* CLEAR CHANNEL BROADCASTING, INC., ET AL., APPELLANTS.

[Cite as *Ignazio v. Clear Channel Broadcasting, Inc.,* 113 Ohio St.3d 276, 2007-Ohio-1947.]

(No. 2006–0190—Submitted January 24, 2007—Decided May 9, 2007.)

---

LUNDBERG STRATTON, J.

{¶ 1} The issue before us is whether a clause in an arbitration agreement that provides for greater judicial review of an award than is permitted under R.C. Chapter 2711 renders the entire agreement unenforceable, or whether the offensive clause may be severed and the remainder of the agreement enforced.

{¶ 2} Because of the express severability clause in the agreement, Ohio's strong public policy in favor of arbitration, and the fact that the offensive provision does not fundamentally alter the otherwise valid and enforceable provisions of the agreement, we conclude that the offending provision may be severed and the remainder of the agreement enforced. Consequently, we reverse the judgment of the court of appeals and reinstate the decision of the trial court.

{¶ 3} Appellants, Clear Channel Worldwide and Clear Channel Broadcasting, Inc. (collectively, "Clear Channel"), became appellee Diane Ignazio's employer through an acquisition in 1999. As a condition of Ignazio's continued employment, she entered into an arbitration agreement with Clear Channel in which the parties waived their right to sue for any claim covered by the agreement and agreed to submit the dispute for final and binding resolution by a "private, impartial arbitrator." Section 10B of the agreement also provides:

{¶ 4} "Either party may bring an action in a court of competent jurisdiction to compel arbitration under this Agreement and to enforce an arbitration award. A party opposing enforcement of an award may bring a separate action in any court of competent jurisdiction to set aside the award, where the standard of review will be the same as that applied by an appellate court reviewing a decision of a trial court sitting without a jury."

{¶ 5} After Ignazio's employment was terminated on October 7, 2003, she filed this action against Clear Channel and several supervisors. She asserted claims of age and sex discrimination, retaliation, and wrongful termination of employment in violation of public policy.

{¶ 6} Clear Channel and the supervisors filed a motion to dismiss the complaint, or in the alternative, to stay the action pending arbitration. They alleged that Ignazio's claims fell within the arbitration agreement. The trial court granted the defendants' motion to stay the proceedings.

{¶ 7} Ignazio appealed. The court of appeals determined that Section 10B of the arbitration agreement provides for greater judicial review than is permitted under R.C. Chapter 2711 and concluded that any arbitration award would not be final and binding. Therefore, under the law set forth in *Schaefer v. Allstate Ins. Co.* (1992), 63 Ohio St.3d 708, 590 N.E.2d 1242, an agreement that did not provide for a final and binding decision could not be classified as an arbitration agreement. The court refused to sever the offending clause and instead reversed the judgment and remanded the cause with instructions to permit the plaintiff to proceed with her lawsuit.

{¶ 8} The cause is before this court upon the acceptance of a discretionary appeal. 109 Ohio St.3d 1455, 2006-Ohio-2226, 847 N.E.2d 5.

{¶ 9} The narrow issue before us is whether the offending clause renders the entire agreement unenforceable or whether it may be severed and the remainder of the agreement enforced.

{¶ 10} The court of appeals cited *Schaefer* as authority that the entire agreement was unenforceable because Section 10B qualified the finality of the arbitrator's decision and authorized a review beyond the scope of Ohio's arbitration laws. R.C. Chapter 2711, entitled "Arbitration," allows courts to modify or vacate an arbitrator's decision under only limited circumstances. See R.C. 2711.10 and 2711.11. But *Schaefer* involved an arbitration agreement between an insured and an insurer that contained a provision that was alleged to be unconscionable. A majority of the court refused to enforce the entire contract. *Schaefer*, however, made no reference to a severability clause. Consequently, *Schaefer* is factually distinguishable. In addition, *Schaefer* was a plurality opinion, and therefore, the proposition that an arbitration agreement is unenforceable merely because the parties have contracted for an unconventional standard of review is not the holding of the court.

{¶ 11} Nevertheless, for purposes of this appeal, the parties do not dispute that the second sentence in Section 10B provides for a standard of review that is not permitted under Ohio's arbitration laws. We must decide whether the sentence in Section 10B is fundamental to the overall meaning of the agreement, or whether it may be severed so that the remainder of the agreement may be given effect. Whether a part of a contract may be severed from the remainder "depends generally upon the intention of the parties, and this must be ascertained by the ordinary rules of construction." *Huntington & Finke Co. v. Lake Erie Lumber & Supply Co.* (1924), 109 Ohio St. 488, 2 Ohio Law Abs. 197, 143 N.E. 132, syllabus.

{¶ 12} The arbitration agreement in this case expressly provides, "Should any provision of this Agreement be found to be unenforceable, such portion will be severed from the Agreement and the remaining portions shall remain in full force and effect." We presume the intent of the parties from the language employed in the contract. *In re All Kelley & Ferraro Asbestos Cases*, 104 Ohio St.3d 605, 2004-Ohio-7104, 821 N.E.2d 159, ¶ 29. Clearly, the parties contemplated and provided for severing a provision that was unenforceable and giving effect to the remaining provisions.

{¶ 13} Ignazio contends that Section 10B transformed the agreement into one that requires only nonbinding alternative dispute resolution. She argues that severing is not a proper remedy because it would fundamentally alter the nature of the entire contract from a nonbinding arbitration process into binding arbitra-

tion, a condition to which she had not agreed. According to Ignazio, the broad authority for judicial review of the arbitrator's decision countermands the agreement's references to final and binding arbitration, so severing this provision would rewrite the agreement from nonbinding dispute resolution to binding arbitration.

{¶ 14} We disagree. The plain language of the agreement evidences that the parties intended to arbitrate their disputes to a final and binding resolution. The agreement is entitled "Arbitration Agreement." It contains numerous references to the finality of the arbitrator's decision, providing, "[e]mployees give up their right to sue the Company, and the Company is giving up its right to sue employees in court." The parties agreed that "any legal claim or dispute * * * will be submitted solely to a private, impartial arbitrator * * * for a final and binding decision." It also states that the arbitrator's decision "shall then be final and conclusive upon the parties."

{¶ 15} We are not persuaded by Ignazio's argument that this one sentence transforms the entire agreement from binding arbitration into a nonbinding process. Section 10B conforms to Ohio's statutory review process for arbitration awards, see R.C. 2711.10 and 2711.11, except for the portion of one sentence that refers to the "standard of review * * * applied by an appellate court." It would be inconsistent to infer from that single phrase that the parties intended all references to the finality of the arbitration process to actually mean the opposite. We do not read that phrase to negate the parties' intent to arbitrate.

{¶ 16} Severing only the second sentence of Section 10B will not modify or alter the remainder of the provision for enforcing an arbitration award. The agreement still requires the parties to arbitrate disputes. Severing does not modify or change the terms of the agreement for demanding and conducting the arbitration process. The agreement continues to provide a means of enforcement in that "[e]ither party may bring an action in any court of competent jurisdiction to compel arbitration under this Agreement and to enforce an arbitration award." R.C. 2711.09, 2711.10, and 2711.11 permit a party to challenge the arbitration agreement in certain circumstances. If the phrase is severed, the only difference will be that a party may not seek to have a court review the award using the same standard of review as an appellate court. Therefore, this single phrase in one sentence of a multipage agreement does not alter the fundamental nature of the agreement.

{¶ 17} We hold that the second sentence of Section 10B that provides for an expanded judicial review is not an essential term of the agreement to arbitrate. The agreement provides that the offending portion of the sentence may be severed. Severing does not alter the fundamental nature of the parties' agreement; the essence of the agreement to arbitrate remains.

{¶ 18} Furthermore, severing the offending provision and enforcing the remainder of the agreement is consistent with this state's strong public policy in favor of arbitration. The law favors and encourages arbitration as a means of resolving disputes. *Brennan v. Brennan* (1955), 164 Ohio St. 29, 57 O.O. 71, 128 N.E.2d 89, paragraph one of the syllabus. There is a strong presumption in favor of arbitration, and any doubts should be resolved in its favor. Id.

{¶ 19} Ignazio also argued that Clear Channel did not raise the issue of severability in the courts below, therefore the argument is waived. But the interpretation of a contract is a matter of law that we review de novo. *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm* (1995), 73 Ohio St.3d 107, 108, 652 N.E.2d 684. In performing this review, we conclude that the parties clearly incorporated a severance clause into their agreement and that the arbitration agreement is enforceable. Consequently, Ignazio's argument for waiver fails.

{¶ 20} Therefore, we hold that the offending provision in this agreement does not fundamentally alter the otherwise valid and enforceable provisions of the agreement. Based on the express severability clause and Ohio's strong public policy in favor of arbitration of disputes, the second sentence of Section 10B is severed from the agreement, and the remaining provisions of the agreement are to be given full force and effect. Following arbitration, the parties may seek to confirm, vacate, or modify the award in court or otherwise challenge the process as provided by law. See R.C. 2711.09, 2711.10, and 2711.11.

{¶ 21} Therefore, we reverse the judgment of the court of appeals and reinstate the decision of the trial court.

Judgment reversed.

MOYER, C.J., O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

PFEIFER, J., dissents.

---

**PFEIFER, J., dissenting.**

{¶ 22} It is hard to imagine the severing of a contract term being more transformative of a contract than the one the majority separates from the agreement at issue. The agreement Ignazio signed gave her complete access to judicial review of the arbitrator's decision. Under that agreement, if Ignazio were to want her day in court, she would get it. A judge would determine whether the arbitrator's legal analysis was correct and could even find, under the facts of the case, that the arbitrator had abused his or her discretion.

{¶ 23} Under this court's transformation of the contract, Ignazio is limited to a review by a trial court only under the extremely narrow circumstances described in R.C. 2711.10 and 2711.11, such as misconduct or clerical errors by the

arbitrator. Ignazio enjoys a constitutional right, pursuant to Section 16, Article I of the Ohio Constitution, to access the courts and to "have remedy by due course of law." Under the original agreement, she did not give up that entitlement. The majority treats as insignificant the fact that it takes that right away from her.

----

Green, Haines & Sgambati Co., L.P.A., Ira Mirkin, and Charles W. Oldfield, for appellee.

Frost Brown Todd, L.L.C., Thomas V. Williams, Christine Robek, and Matthew C. Blickensderfer, for appellants.

Gittes & Schulte and Kathaleen B. Schulte; and Tate & Renner and Richard R. Renner, urging affirmance for amicus curiae Ohio Employment Lawyers Association.

Jones Day, Matthew W. Lampe, Chad A. Readler, and Wednesday G. Forest, urging reversal for amicus curiae Ohio Chamber of Commerce.

Squire, Sanders & Dempsey, L.L.P., William A. Nolan, and Johnathan E. Sullivan; and Ulmer & Berne, L.L.P., and Barton A. Bixenstine, urging reversal for amicus curiae Ohio Management Lawyers' Association.