[Cite as *Vogt v. Indianspring of Oakley*, 2012-Ohio-4124.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| SUSAN A. VOGT, Individually and as Executor of the Estate of Gail Bingham, deceased, | : | APPEAL NO. C-110864 TRIAL NO. A-1103060 |
| | : | |
| Plaintiff-Appellee, | : | *O P I N I O N.* |
| | : | |
| vs. | : | |
| INDIANSPRING OF OAKLEY, | : | |
| INDIANSPRING HEALTH CARE CENTER, LLC, | : | |
| | : | |
| CARESPRING HEALTH CARE MANAGEMENT, LLC., | : | |
| and | : | |
| JOHN DOES I-X, | : | |
| Defendants-Appellants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  September 12, 2012

*Mark B. Smith Co., L.P.A.*, and *Mark B. Smith*, for Plaintiff-Appellee,

*Rendigs, Fry, Kiely & Dennis, LLP*, *Jeffrey M. Hines*, *Paul W. McCartney* and *C. Jessica Pratt*, for Defendants-Appellants.

Please note:  This case has been removed from the accelerated calendar.

**SUNDERMANN, Presiding Judge.**

{¶1}    Indianspring of Oakley, Indianspring Healthcare Center, LLC, and Carespring Healthcare Management, LLC., (collectively "Indianspring") appeal from the judgment of the trial court that denied their motion to stay proceedings and to refer the matter to arbitration.  We conclude that the trial court erred when it denied the motion, so we reverse the judgment and remand the case to the trial court.

{¶2}    Indianspring of Oakley is a long-term-care facility.  Susan Vogt's mother, Gail Bingham, was a resident at the facility.  In October 2010, Bingham accidently caught herself on fire while smoking a cigarette.  Bingham filed a complaint against Indianspring alleging that its negligence in caring for her was the proximate cause of her injuries and damages.  When Bingham died in August 2011, Vogt was substituted as the plaintiff.  Vogt amended the complaint to include a wrongful-death claim in addition to the claim first alleged by Bingham.  Indianspring filed a motion seeking to stay the proceedings and refer the matter to arbitration pursuant to an arbitration agreement signed by Vogt, as Bingham's legal representative.  Following a hearing, the trial court denied the motion.  The trial court's judgment denying the motion is appealable under R.C. 2711.02.

{¶3}    Because they are dispositive, we consider Indianspring's first two assignments of error together.  In the first, Indianspring asserts that the trial court erred when it failed to find that the arbitration agreement was valid.  And in the second, Indianspring asserts that the trial court erred when it failed to find that the arbitration agreement was enforceable.

{¶4}    The Ohio Supreme Court has recognized Ohio's policy favoring arbitration.  *Taylor Bldg. Corp. of America v. Benfield*, 117 Ohio St.3d 352, 2008-

Ohio-938, 884 N.E.2d 12, ¶ 26. "In light of the strong presumption favoring arbitration, all doubts should be resolved in its favor." *Hayes v. The Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408, ¶ 15, citing *Ignazio v. Clear Channel Broadcasting, Inc.*, 113 Ohio St.3d 276, 2007-Ohio-1947, 865 N.E.2d 18, ¶ 18. We review a trial court's decision not to stay proceeding for referral to arbitration de novo. *Taylor* at ¶ 36.

{¶5} An arbitration agreement "shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation." R.C. 2711.01(A). One ground for revocation that is commonly recognized is unconscionability. *Taylor* at ¶ 32. To successfully assert unconscionability as a ground for revoking an arbitration agreement, a party must demonstrate both substantive and procedural unconscionability. *Id.* at ¶ 33. "An assessment of whether a contract is substantively unconscionable involves consideration of the terms of the agreement and whether they are commercially reasonable." *Hayes* at ¶ 33. "Procedural unconscionability considers the circumstances surrounding the contracting parties' bargaining[.]" *Taylor* at ¶ 43.

{¶6} Due to the presumption in favor of arbitrability, Vogt had the burden to demonstrate unconscionability. Having reviewed the record, we conclude that she did not. During the hearing before the trial court, Vogt presented no evidence that the terms of the agreement were not commercially reasonable or that any circumstances in the bargaining made the process unconscionable. And our review of the agreement does not expose any indications of either substantive or procedural unconscionability.

{¶7} Rather than focus on the question of substantive and procedural unconscionability, Vogt instead challenged the validity of the arbitration agreement

based on the fact that Vogt, not Bingham, had signed the agreement. In signing the agreement (and initialing various clauses of the agreement), Vogt held herself out as the legal representative of Bingham. Vogt points to a statement in the agreement that states: "If Resident is unable to sign this Agreement, then a legal representative of the resident may sign on his/her behalf. The person signing below certifies that he/she has the legal authority to enter into this Agreement on Resident's behalf with the Facility either through a valid Power of Attorney or a guardianship appointment." Vogt contends that this language put the burden on Indianspring to demonstrate that Bingham was unable to sign the agreement. But Vogt's contention ignores the presumption in favor of arbitrability. As the burden was on Vogt to show that the agreement was unenforceable, she had to demonstrate that she had not validly exercised her authority as Bingham's legal representative when she signed the agreement. She did not make such a demonstration.

{¶8} Because we conclude that Vogt did not demonstrate any grounds for revoking the arbitration agreement, we conclude that the trial court erred when it refused to grant Indianspring's motion for a stay of proceedings for a referral to arbitration. The first two assignments of error are sustained. Given our disposition of these assignments of error, the third assignment of error is moot.

{¶9} We therefore reverse the judgment of trial court and remand the cause to the trial court with instructions to stay the proceedings pursuant to R.C. 2711.02.

Judgment reversed and cause remanded.

**HENDON** and **FISCHER, JJ.,** concur.

Please note:
The court has recorded its own entry this date.