[Cite as *Craver v. Tomsic*, 2014-Ohio-2603.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

PAUL L. CRAVER, DBA
PAUL L. CRAVER, HOUSEWRIGHT

      Plaintiff-Appellee

-vs-

RICK R. TOMSIC, ET AL.

      Defendants-Appellants

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Sheila G. Farmer, J.
Hon. Patricia A. Delaney, J.

Case No. 13 CAE 11 0078

O P I N I O N

CHARACTER OF PROCEEDING:      Appeal from the Delaware County Court of
Common Pleas, Case No. 13 CV H 03
0207

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      June 16, 2014

APPEARANCES:

For Plaintiff-Appellee

BEAU K. RYMERS
140 E. Town Street, Suite 1015
Columbus, Ohio 43215

      And

THOMAS L. HART
Isaac, Wiles, Burkholder & Teetor, LLC
Two Miranova Place, Suite 700
Columbus, Ohio 43215

For Defendants-Appellants

MARK SKAKUN
JUSTIN S. GREENFELDER
Buckingham, Doolittle & Burroughs, LLC
4518 Fulton Drive, N.W., Suite 200
P.O. Box 35548
Canton, Ohio 44735-5548

*Hoffman, P.J.*

{¶1}   Defendants-appellants Rick R. Tomsic, et al. appeal the October 23, 2013 Judgment Entry entered by the Delaware County Court of Common Pleas, which granted, in part,  the petition for an order directing arbitration and for stay of litigation filed by plaintiff-appellee Paul Craver, dba Paul L. Craver Housewright ("Craver").

STATEMENT OF THE FACTS AND CASE

{¶2}   In February, 2010, Appellants entered into a contract with Craver for the construction of a new home ("the Contract").   The Contract price for the home was $2,491,300.   The parties agreed the home would be constructed within 445 working days from the time construction commenced.

{¶3}   The Contract included a dispute resolution provision, which reads:

Any claim or controversy between the parties arising out of or relating to this agreement or the breach thereof will be resolved as follows:

23.1 The parties will meet and confer in good faith in an attempt to resolve the dispute or problem.

23.2 In the event that the parties are unable to resolve the claim or controversy, either party may notify the other that the matter must be submitted to mediation or binding arbitration in Columbus, Delaware County, Ohio in accordance with the applicable provisions of Chapter 2711 of the Ohio Revised Code, excepting that the following terms and conditions will control and supersede and/or supplement the provisions of Chapter 2711:

23.2.1 The mediation and/or arbitration will be conducted within 60 days of the selection of the mediator and/or arbitrator(s).

23.2.2 In the event a party fails or refuses to select a mediator or arbitrator, the provisions of Ohio Revised Code Section 2711.03 apply.

* * *

23.2.6 In the event of any claim or controversy necessitating dispute resolution, the Work of the Contractor will continue, as time is of the essence, and with respect to any such claim or controversy, the parties will be bound by the determination reached as a result of the dispute resolution procedures.

23.3 Nothing herein contained shall bar the right of either party to obtain injunctive relief against threatened conduct that will cause loss or damages, under the usual equity rules, including the applicable rules for obtaining preliminary injunctions.

**{¶4}** In addition to the Contract with Craver, Appellants also entered into a verbal agreement with Phyllis Craver ("Architect"), Paul Craver's wife, for all architectural services on the design and construction of the home. Architect provided all architectural drawings, designs, and plans for Appellants' new residence.

**{¶5}** The completion date set forth in the Contract passed with construction still progressing. Appellants continually pushed Craver for a new completion date with Craver eventually promising the residence would be completed on October 1, 2012. The October 1, 2012 deadline arrived, and the home was still not complete. Craver walked off the job on or about November 5, 2012.

**{¶6}** On December 31, 2012, Craver filed a mechanic's lien against the property in the amount of $133,329.27. Craver was served with Appellants' R.C. 1311.11 Notice to Commence Suit, which provided:

> You are hereby given formal notice pursuant to Ohio Revised Code Section 1311.11(B) to commence suit as required by the statute upon your captioned Mechanics [sic] Lien.

> Failure to commence suit within 60 days after receipt of this Notice will result in discharge of the captioned Mechanics [sic] Lien.

**{¶7}** On March 8, 2013, Craver filed a Complaint against Appellants, alleging breach of contract and unjust enrichment, and seeking foreclosure on the mechanic's lien. In the Complaint, Craver acknowledged the arbitration provision in the Contract, but asserted R.C. Chapter 1311 required him to file the Complaint in order to preserve his rights under the mechanic's lien. Craver also indicated he did not intend to waive his right to seek arbitration under the Contract.

**{¶8}** Appellants filed an answer and counterclaim against Craver and Architect on April 24, 2013. As against Craver, Appellants alleged breach of contract, negligence, fraud, violations of the Ohio Consumer Sales Practices Act, breach of warranty, civil conspiracy, breach of oral contract, and unjust enrichment. Appellants also sought declaratory judgment against Craver, asking the trial court to find Craver had waived his right to seek mediation or arbitration under the Contract by filing the mechanic's lien and subsequently filing his Complaint. As against Architect, Appellants alleged breach of contract, negligence/malpractice, fraud, violations of the Ohio Consumer Sales Practices Act, and civil conspiracy.

{¶9}  On August 27, 2013, Craver and Architect filed a petition for an order directing arbitration and requesting a stay of litigation pursuant to R.C. 2711.02 and 2711.03.  In their petition, Craver and Architect asserted the Contract governed dispute resolution procedures and they had complied with those procedures.  Craver and Architect claimed the parties had made a good faith attempt to resolve the matter, but were unable to do so; therefore, pursuant to the Contract, they were allowed  to notify Appellants the dispute must be submitted to mediation or binding arbitration.  Although Craver and Architect notified Appellants of their desire to arbitrate the matter, Appellants responded with an unwillingness to do so.  Craver and Architect requested the trial court issue an order directing arbitration and stay the action pending arbitration.  Craver and Architect attached to the petition various correspondences between their attorney and Appellants' attorney regarding settlement attempts and their desire to arbitrate.

{¶10} In their brief in opposition, Appellants asserted the trial court should deny Craver and Architect's petition on several grounds.  First, Appellants maintained arbitration was not the sole method of dispute resolution under the terms of the Contract.  Next, Appellants asserted Craver had waived arbitration for taking action inconsistent with the right to arbitrate.  Appellants also contended their claims against Architect were not arbitrable as she was not a party to the Contract.   Appellants further argued, even if Craver had not waived arbitration, the majority of the claims against him were not within the scope of the arbitration provision set forth in the Contract; therefore, the provision did not apply.

{¶11} In reply, Craver acknowledged arbitration was not the sole method of dispute resolution under the Contract, but added, under the Contract, either party could

request arbitration. Craver explained, because settlement discussions and mediation efforts failed, binding arbitration was the next step. Craver further maintained he did not waive his right to arbitration by filing the Complaint. Craver specified, in the Complaint, he reserved the right to enforce the arbitration provision and indicated his intent not to waive that right. Craver noted he filed the mechanic's lien in order to avoid waiving his statutory right. Craver further disputed Appellants' assertion the inclusion of arguably non-arbitrable claims rendered arbitration inappropriate, and pointed out the trial court was required to stay the non-arbitrable claims until the arbitrable claims were resolved.

{¶12} Via Judgment Entry filed October 23, 2013, the trial court granted Craver's petition. The trial court found Craver neither waived the right to arbitrate nor acted inconsistently with the right. The trial court also found Craver followed the proper procedure regarding the enforceability of the arbitration provision and properly notified Appellants the matter be submitted to arbitration. The trial court concluded Appellants' claims against Craver for civil conspiracy, and breach of oral contract/unjust enrichment relative the construction of a second garage were not subject to arbitration. In addition, the trial court determined all of Appellants' claims against Architect were not arbitrable because she was not a party to the Contract.

{¶13} It is from this judgment entry Appellants appeal, assigning the following errors:

{¶14} "I. THE TRIAL COURT ERRED IN CONCLUDING THAT PLAINTIFF-APPELLEE DID NOT WAIVE THE ARBITRATION PROVISION IN THE CONSTRUCTION AGREEMENT WHEN PLAINTIFF-APPELLEE KNEW OF HIS RIGHT TO ARBITRATE AND ACTED INCONSISTENTLY WITH THAT RIGHT.

**{¶15}** "II. THE TRIAL COURT ERRED IN CONCLUDING THAT DEFENDANTS-APPELLANTS' COUNTERCLAIMS AGAINST PLAINTIFF-APPELLEE FOR NEGLIGENCE, FRAUD, AND CONSUMER SALES PRACTICES ACT VIOLATIONS ARE SUBJECT TO ARBITRATION."

I

**{¶16}** In their first assignment of error, Appellants contend the trial court erred in concluding Craver did not waive the arbitration provision of the Contract as Craver was aware of the right to arbitrate, but acted inconsistently with that right.

**{¶17}** "Both the Ohio General Assembly and Ohio courts have expressed a strong public policy favoring arbitration." *Hayes v. Oakridge Home,* 122 Ohio St.3d 63, 908 N.E.2d 408, 2009–Ohio–2054, ¶ 15, citing R.C. Chapter 2711, *Taylor Bldg. Corp. of Am. v. Benfield,* 117 Ohio St.3d 352, 884 N.E.2d 12, 2008–Ohio–938, ¶ 27, and *Williams v. Aetna Fin. Co.,* 83 Ohio St.3d 464, 471, 700 N.E.2d 859 (1998). "'Arbitration is favored because it provides the parties thereto with a relatively expeditious and economical means of resolving a dispute'. " *Kelm v. Kelm,* 68 Ohio St.3d 26, 29, 623 N.E.2d 39 (1993), quoting *Schaefer v. Allstate Ins. Co.,* 63 Ohio St.3d 708, 712, 590 N.E.2d 1242 (1992). "Arbitration also has the additional benefit of unburdening crowded court dockets." *Hayes* at ¶ 15, citing *Mahoning Cty. Bd. of Mental Retardation & Dev. Disabilities v. Mahoning Cty. TMR Edn. Assn.,* 22 Ohio St.3d 80, 83, 488 N.E.2d 872 (1986). "In light of the strong presumption favoring arbitration, all doubts should be resolved in its favor." *Id.,* citing *Ignazio v. Clear Channel Broadcasting, Inc.,* 113 Ohio St.3d 276, 865 N.E.2d 18, 2007–Ohio–1947, ¶ 18.

{¶18} "The General Assembly has endorsed the strong policy in favor of arbitration of disputes in R.C. 2711.01(A), which provides that an arbitration agreement 'shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract'. " *Id.* at ¶ 16, 865 N.E.2d 18. R.C. 2711.02 provides for enforcement of an arbitration agreement. A party to such an agreement may obtain a stay of litigation in favor of arbitration under R.C. 2711.02(B), which states:

> If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

{¶19} Moreover, an order under R.C. 2711.02(B) that grants or denies a stay of a trial pending arbitration "is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code." R.C. 2711.02(C).

{¶20} Our standard of review for a R.C. 2711.02(B) order depends on the nature of the issues involved. *See Dispatch Printing Co. v. Recovery Ltd. Partnership,* 10th Dist. No. 10AP–353, 2011–Ohio–80, ¶ 17. Here, the issue is whether Craver waived the right to arbitrate. "The right to arbitration may be waived just like any other contractual right." *Id.* at ¶ 19, citing *Murtha v. Ravines of McNaughton Condominium Assn.,* 10th

Dist. No. 09AP–709, 2010–Ohio–1325, ¶ 20. " ' "[T]he question of waiver is usually a fact-driven issue and an appellate court will not reverse" the trial court's decision "absent a showing of an abuse of discretion." ' " *Morris v. Morris,* 189 Ohio App.3d 608, 939 N.E.2d 928, 2010–Ohio–4750, ¶ 17, quoting *Murtha* at ¶ 20, quoting *ACRS, Inc. v. Blue Cross & Blue Shield of Minnesota,* 131 Ohio App.3d 450, 456, 722 N.E.2d 1040 (1998). The phrase "abuse of discretion" implies the trial court's attitude is arbitrary, unreasonable or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶21}** *"A party asserting waiver must prove that the waiving party knew of the existing right to arbitrate and,* based on the totality of the circumstances, acted inconsistently with that known right." *Dispatch Printing Co.* at ¶ 21, citing *Murtha* at ¶ 21. (Emphasis in original)　"In determining whether the totality of the circumstances supports a finding of waiver, a court may consider such factors as: (1) whether the party seeking arbitration invoked the court's jurisdiction by filing a complaint or claim without first requesting a stay; (2) the delay, if any, by the party seeking arbitration to request a stay; (3) the extent to which the party seeking arbitration has participated in the litigation; and (4) whether prior inconsistent acts by the party seeking arbitration would prejudice the non-moving party." *Id.,* citing *Tinker v. Oldaker,* 10th Dist. No. 03AP–671, 2004–Ohio–3316, ¶ 20. "Waiver attaches where there is active participation in a lawsuit evincing an acquiescence to proceeding in a judicial forum." *Tinker* at ¶ 21.

**{¶22}** As set forth in our Statement of the Facts and Case, supra, Craver filed a mechanic's lien against Appellants' property on December 21, 2012.　On March 8, 2013, after being served with Appellants' R.C. 1311.11 "Notice to Commence Suit",

Craver filed the Complaint against Appellants. Therein, Craver recognized the existence of the arbitration provision in the Contract, and expressly stated he did not intend to waive his rights thereunder. On April 8, 2013, Appellants propounded written discovery on Craver. Appellants then filed their answer and counterclaim on April 24, 2013. Craver filed an answer to the counterclaim on May 28, 2013. During this time, the parties attempted to resolve the matter. Craver did not respond to Appellants' discovery requests or serve discovery on Appellants. The trial court issued a scheduling order on July 11, 2013. After a failed attempt at mediation, Craver's counsel sent an email to Appellants' counsel asking if they would consent to arbitration. Appellants refused to consent and Craver filed his petition for arbitration on August 27, 2013.

{¶23} Upon review of the entire record, we cannot find the trial court abused its discretion in finding, based on the totality of the circumstances, Craver did not waive his right to arbitrate. Less than six months passed between the filing of the Complaint and the filing of the petition for arbitration. In addition, little, in the way of court proceedings, had occurred. Furthermore, Appellants failed to show they were prejudiced by the time passage.[1]

{¶24} Appellants' first assignment of error is overruled.

II

{¶25} In their second assignment of error, Appellants maintain the trial court erred in concluding their counterclaims for negligence, fraud, and violations of the Consumer Sales Practices Act were subject to arbitration. We disagree.

---

[1] Contrary to Appellants' argument, we do not interpret the Contract's provision relating to Craver's obligation to pay mechanic's liens prohibited him from filing a mechanic's lien to protect his own interests, as opposed to those of his subcontractors.

{¶26} In *Council of Smaller Enterprises v. Gates, McDonald & Co.,* 80 Ohio St.3d 661, 1998 -Ohio- 172, the Ohio Supreme Court enunciated the four principles which guide determinations of arbitrability:

The first principle is that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." * * * This axiom recognizes the fact that arbitrators derive their authority to resolve disputes only because the parties have agreed to submit such grievances to arbitration. *AT & T Technologies,* 475 U.S. at 648–649, 106 S.Ct. at 1418, 89 L.Ed.2d at 655, quoting [ *United Steelworkers of Am. v.*] *Warrior & Gulf* [ *Navigation Co.* (1960) ], 363 U.S. [574] at 582, 80 S.Ct. [1347] at 1353, 4 L.Ed.2d [1409] at 1417.

The second principle is that "the question of arbitrability—whether a[n] * * * agreement creates a duty for the parties to arbitrate the particular grievance—is undeniably an issue for judicial determination. Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." *Id.,* 475 U.S. at 649, 106 S.Ct. at 1418, 89 L.Ed.2d at 656.

The third rule is, "in deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims." *Id.,* 475 U.S. at 649, 106 S.Ct. at 1419, 89 L.Ed.2d at 656.

The fourth principle is that "where the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage'." *Id.,* 475 U.S. at 650, 106 S.Ct. at 1419, 89 L.Ed.2d at 656, quoting *Warrior & Gulf, supra,* 363 U.S. at 582–588, 80 S.Ct. at 1353, 4 L.Ed.2d at 1417." *Council of Smaller Enterprises,* 80 Ohio St.3d at 665–666, 687 N.E.2d 1352.

**{¶27}** The arbitration provision at issue herein specifically provides "[a]ny claim or controversy between the parties arising out of or relating to this agreement" will be resolved as provided in the Contract. Although the language is broad, such does not make all claims subject to arbitration. In determining whether a claim is within the scope of an arbitration clause, a trial court must consider whether the "action could be maintained without reference to the contract or relationship at issue." *Alexander v. Wells Fargo Fin. Ohio 1, Inc.*, 122 Ohio St. 3d 241, 2009-Ohio-2962. Even real torts can be subject to arbitration if "the allegations underlying the claims touch matters covered by the agreement." Id., quoting *Genesco Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 846 (2d Cir. 1987).

**{¶28}** Upon examination of the pleadings, we like the trial court, find Appellants' claims for negligence, fraud, and violations of the Consumer Sales Practices Act are subject to the arbitration provision. These claims "touch matters" covered by the arbitration agreement.

**{¶29}** Appellants' second assignment of error is overruled.

By: Hoffman, P.J.

Delaney, J. concurs,

Farmer, J.  dissents

*Farmer, J., dissents*

**{¶30}** I respectfully dissent from the majority's view that the trial court was correct in finding no waiver of the arbitration provision.

**{¶31}** I would find appellee's actions are clearly indicative of waiver.

**{¶32}** The contract readily acknowledged that there were alternative avenues to resolve a dispute. Therefore, I would find waiver of arbitration because of the filing of the mechanics lien and a jury demand, plus the continued recourse to the court's mediation service and the lapse of some five months within the litigation process.

**{¶33}** I would find appellee's actions by asserting the jurisdiction of the trial court and demanding a jury trial to be inconsistent with a 13th hour plea for arbitration.

**{¶34}** I would remand to the trial court.