[Cite as *Aljaberi v. Neurocare Ctr., Inc.*, 2018-Ohio-1800.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MOHAMMED M. ALJABERI, M.D. | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2017 CA 00176 |
| NEUROCARE CENTER, INC., et al. | |
| Defendants-Appellants | O P I N I O N |

CHARACTER OF PROCEEDING:          Civil Appeal from the Court of Common
                                                          Pleas, Caes No.  2016 CV 02671

JUDGMENT:                                      Reversed and Remanded

DATE OF JUDGMENT ENTRY:        May 7, 2018

APPEARANCES:

For Plaintiff-Appellee                      For Defendants-Appellants

LEE E. PLAKAS                              MARTIN T. GALVIN
GARY A. CORROTO                      JONATHAN H. KROL
MARIA C. KLUTINOTY EDWARDS    REMINGER CO., LPA
TZANGAS PLAKAS MANNOS LTD    101 West Prospect Avenue, Suite 1400
220 Market Avenue South              Cleveland, Ohio  44115
8th Floor
Canton, Ohio  44702                      ALLEN SCHULMAN
                                                      STACIE ROTH
                                                      236 Third Street SW
                                                      Canton, Ohio  44702

*Wise, P. J.*

{¶1}    Appellants Neurocare Center, Inc., Ryan S. Drake, D.O., and Andrew P. Stalker, M.D. appeal the September 18, 2017, decision of the Stark County Court of Common Pleas ordering production of certain documents sent to the State Medical Board of Ohio.

{¶2}    Appellee is Mohammed M. Aljaberi, M.D.

### STATEMENT OF THE FACTS

{¶3}    In 2002, Appellee Mohammed Aljaberi, M.D. became employed as a senior physician at Appellant Neurocare.  For more than a decade, in addition to being a physician employee, he has been a shareholder and a director of the company. As of September 2016, Neurocare was a close corporation with eight physician shareholders.

{¶4}    On September 7, 2016, Dr. Aljaberi was locked out of his computer, and Appellees Dr. Stalker and Dr. Drake informed Dr. Aljaberi that he should take a few days off due to an incident involving colleagues. As per Dr. Stalker and Dr. Drake's instruction, Dr. Aljaberi took the days off as they requested.

{¶5}    On or about September 12, 2016, the members of the Neurocare Board of Directors, held a meeting wherein Neurocare's doctors voted to remove Dr. Aljaberi as a director and to terminate his employment as a senior physician with Neurocare. Appellants cited repeated misconduct, including physically assaulting a staff member, insulting/offending patients, and exposing staff members, including schedulers and a medical student, to pornography on his work computer as the basis for the termination of Dr. Aljaberi. At his deposition, Appellee admitted to all of this misconduct. He claimed that he deserved to be disciplined, but not terminated.

**{¶6}** On December 8, 2016, Appellee filed a Complaint against Appellants Neurocare Center, Inc., Ryan S. Drake, D.O. and Andrew P. Stalker, M.D., which included claims for Breach of Fiduciary Duty, Breach of Contract, Civil Conspiracy, and Declaratory Judgment.

**{¶7}** On December 9, 2016, Appellants filed a complaint with the State Medical Board of Ohio concerning Dr. Aljaberi.

**{¶8}** On May 4, 2017, Dr. Aljaberi amended his Complaint, asserting claims of Breach of Fiduciary Duty, Breach of Contract, Civil Conspiracy, Conversion, Declaratory Judgment, Production of Corporate Books and Records, Production of Annual Financial Statements, and a Request for an Accounting.

**{¶9}** During discovery, Appellee made the following document request relating to reports/complaints made to the Ohio State Medical Board:

**Request for Production No. 8:**

Produce all document relating to any communications, notes and memoranda sent by any employee, agent and/or representative of Neurocare to the State Medical Board of Ohio that in any way refer or relate to Aljaberi. Appellants objected to this request on the basis that any responsive documents would be privileged and thus completely shielded from discovery by operation of statute.

**{¶10}** After the parties were unable to resolve their disagreement over the appropriateness of this request, the issue was raised with the trial court at an on the record pretrial. The trial judge issued a briefing schedule that the parties complied with.

{¶11} After briefing was completed, the trial court ordered that any responsive documents be submitted to the court for an *in camera* review. Appellants complied with this directive.

{¶12} On September 18, 2017, the trial court ordered that the documents be produced but delayed disclosing the documents to the Appellee so that Appellants could file an interlocutory appeal concerning the ordered production of arguably privilege materials, if they chose to do so.

{¶13} It is from this decision Appellants now appeal, raising the following error for review:

<u>ASSIGNMENT OF ERROR</u>

{¶14} "I. THE TRIAL COURT ERRED BY ORDERING PRODUCTION OF PRIVILEGED PHYSICIAN MANDATORY REPORT SUBMITTED TO THE OHIO STATE MEDICAL BOARD, I.E., A REPORT PERTAINING TO THE PROFESSIONAL CONDUCT OF A PHYSICIAN."

**I.**

{¶15} In their sole assignment of error, Appellants claim the trial court erred in ordering the production of the requested material. We agree.

{¶16} The subject of the discovery dispute in this matter is the content of the report made to the State Medical Board. Appellants maintain that such report is confidential and privileged. Appellee argues that such report was made in retaliation and does not meet the requirements of R.C. §4731.224 and thus should not be afforded any statutory protection.

*Standard of Review*

**{¶17}** In *Ward v. Summa Health Sys.*, 128 Ohio St.3d 212, 2010–Ohio–6275, ¶ 13, the Supreme Court of Ohio explained:

> Ordinarily, a discovery dispute is reviewed under an abuse-of-discretion standard. *Tracy v. Merrell Dow Pharmaceuticals, Inc.* (1991), 58 Ohio St.3d 147, 151–152, 569 N.E.2d 875. However, if the discovery issue involves an alleged privilege, as in this case, it is a question of law that must be reviewed de novo. *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009 Ohio 2496, 909 N.E.2d 1237, ¶13.

**{¶18}** Insofar as factual issues must be determined by the trial court as a predicate to resolving the legal question of privilege, such factual determinations should be accorded deference. *MA Equip. Leasing I, LLC v. Tilton*, 10th Dist. No. 12AP–564, 2012–Ohio–4668, ¶ 18.

**{¶19}** Appellants herein argue that the report which is the subject of Appellee's discovery request was a mandatory filing on their part and was confidential pursuant to R.C. §4731.224, which provides:

> (B)(1) Except as provided in division (B)(2) of this section, if any individual authorized to practice under this chapter or any professional association or society of such individuals believes that a violation of any provision of this chapter, Chapter 4730., 4759., 4760., 4761., 4762., 4774., or 4778. of the Revised Code, or any rule of the board has occurred, the individual, association, or society shall report to the board the information upon which the belief is based.

\*\*\*

(F) All summaries, reports, and records received and maintained by the board pursuant to this section shall be held in confidence and shall not be subject to discovery or introduction in evidence in any federal or state civil action involving a health care professional or facility arising out of matters that are the subject of the reporting required by this section. The board may use the information obtained only as the basis for an investigation, as evidence in a disciplinary hearing against an individual whose practice is regulated under this chapter, or in any subsequent trial or appeal of a board action or order.

The board may disclose the summaries and reports it receives under this section only to health care facility committees within or outside this state that are involved in credentialing or recredentialing the individual or in reviewing the individual's clinical privileges. The board shall indicate whether or not the information has been verified. Information transmitted by the board shall be subject to the same confidentiality provisions as when maintained by the board.

**{¶20}** Appellants further cite R.C. §4731.22(F)(5), in support of their position that the subject report was confidential and not discoverable:

(F)(5) A report required to be submitted to the board under this chapter, a complaint, or information received by the board pursuant to an investigation or pursuant to an inspection under division (E) of section

4731.054 of the Revised Code is confidential and not subject to discovery in any civil action.

{¶21} Appellee herein argues that the Complaint made against Dr. Aljaberi to the State Medical Board does not meet the requirements of R.C. §4731.224 because the report was not made within 60 days of the complained of conduct as required by subsection (C) of the said statute, which provides:

(C) Any professional association or society composed primarily of doctors of medicine and surgery, doctors of osteopathic medicine and surgery, doctors of podiatric medicine and surgery, or practitioners of limited branches of medicine that suspends or revokes an individual's membership for violations of professional ethics, or for reasons of professional incompetence or professional malpractice, within sixty days after a final decision shall report to the board, on forms prescribed and provided by the board, the name of the individual, the action taken by the professional organization, and a summary of the underlying facts leading to the action taken.

{¶22} Upon review, we find that the report which is the subject of this appeal would have been made pursuant to R.C. §4731.224(B), not R.C. §4731.224(C), which does not contain a time requirement. We therefore find this argument unpersuasive.

{¶23} Appellee further argues that Lisa Wesie's testimony before the Medical Board that she witnessed Dr. Aljaberi physically assault another employee waived any potential privilege argument.

**{¶24}** We likewise find this argument unpersuasive. Ms. Wesie is a medical secretary employed by Neurocare and as such, she has no authority to make decisions or waive privilege on behalf of the corporate entity. While the issue has never been directly addressed in Ohio, it can safely be said that, in cases where a corporation, partnership, or other collective entity is the client, the attorney-client privilege belongs to the company and not to its employees outside of their employment capacity. *Shaffer v. OhioHealth Corp.*, 10th Dist. Franklin No. 03AP-102, 2004-Ohio-63, ¶10 citing *Commodity Futures Trading Com'n v. Weintraub* (1985), 471 U.S. 343, 348, 105 S.Ct. 1986, 85 L.Ed.2d 372.

**{¶25}** Upon review of the applicable statutes, we find same to be unambiguous and straightforward. These statutes clearly provide that reports made to or received by the State Medical Board pursuant to R.C. Chapter 4731 are confidential and not subject to discovery. It is apparent that the legislature made the decision to protect reporters in this situation. While it is possible that such may serve to shield retaliatory reports in rare instances, the legislature has decided that the benefit of providing protection for reporters outweighs said possibility.

**{¶26}** Based on the foregoing, we find that the confidentiality protections and privileges set forth in R.C. §4731.224 protect the reports made to the State Medical Board in this case and that such are not subject to discovery. We therefore find the trial court erred in compelling disclosure of the privileged documents.

**{¶27}** Accordingly, Appellants' assignment of error is sustained.

{¶28}  For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas OF Stark County, Ohio, is reversed and remanded to the trial court for further proceedings consistent with the law and this opinion.

By: Wise, P. J.

Gwin, J., and

Baldwin, J., concur.


JWW/d 0424