[Cite as *Aljaberi v Neurocare Ctr., Inc.*, 2019-Ohio-2181.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | | JUDGES: |
| MOHAMMED M. ALJABERI, M.D. | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2018CA00154 |
| NEUROCARE CENTER, INC., ET AL. | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Civil appeal from the Stark County Court of Common Pleas, Case No. 2016CV02671


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      June 3, 2019


APPEARANCES:

For Plaintiff-Appellee

LEE PLAKAS
220 Market Avenue South
Eighth Floor
Canton, OH 44702

For Defendants-Appellants

STACIE ROTH
235 Third Street S.W.
Canton, OH 44702

*Gwin, P.J.*

{¶1} Appellants appeal the October 18, 2018 judgment entry of the Stark County Court of Common Pleas denying their motion to stay all actions and compel arbitration.

*Facts & Procedural History*

{¶2} On December 8, 2016, Dr. Mohammed Aljaberi ("Aljaberi") filed a complaint against appellants Neurocare Center, Inc. ("Neurocare"), Dr. Andrew Stalker ("Stalker"), and Dr. Ryan Drake ("Drake") for breach of fiduciary duty, breach of contract, civil conspiracy, and a declaratory judgment action to declare the covenant not to compete contained in Aljaberi's employment contract unenforceable. The complaint alleged Aljaberi is a shareholder and director of Neurocare, as are Stalker and Drake. Further, that appellants conspired to terminate Aljaberi's stock ownership, conducted a secret meeting of the Neurocare Board to remove Aljaberi as a director, and terminated his employment with Neurocare. Aljaberi alleged he was not provided notice of the meeting as required under the Neurocare Shareholders Agreement, which was attached as an exhibit to the complaint. Aljaberi avers such actions were in violation of the fiduciary duties owed to him under common law and pursuant to the Shareholders Agreement.

Section 14.8 of the Shareholders Agreement provides, in pertinent part,

* * * All disputes arising directly, indirectly, or otherwise in connection with, out of, related to, or from this Agreement, or the interpretation, performance, or breach hereof, including but not limited to alleged violations of state or federal statutory or common law rights or duties (a "Dispute") shall be resolved according to the procedures set forth in this section which shall constitute the sole dispute mechanism hereunder (except as otherwise

specifically provided in this Agreement). In the event that the parties are unable to resolve any Dispute after meeting and attempting in good faith to reach a negotiated resolution, such Dispute(s) shall be resolved as hereinafter provided by binding arbitration in accordance with the procedures of the American Arbitration Association in Canton, Ohio. * * *

{¶3} Appellants filed an answer to the complaint on January 11, 2017. Between December of 2016 and April of 2017, the parties exchanged several rounds of written discovery.

{¶4} On May 1, 2017, Aljaberi filed a motion for leave to file an amended complaint. The trial court granted the motion and permitted Aljaberi to file his amended complaint instanter. The amended complaint added the following claims against appellants: conversion of Aljaberi's stock ownership in Neurocare; production of corporate records; and production of annual financial statements. Appellants filed their answer to the amended complaint on May 18, 2017. Appellants propounded discovery on Aljaberi and the parties agreed to extend the deadline to respond to that discovery until June 16, 2017. Both parties stipulated to a protective order on July 6, 2017. On August 9, 2017, the trial court conducted an in-person pre-trial with the parties to set case management dates and address several outstanding discovery issues. The trial court ordered Neurocare to produce financial records as requested by Aljaberi in discovery, and set a briefing schedule as to other discovery issues.

{¶5} Appellants took the deposition of Dr. Charles Zollinger, M.D. on July 26, 2017 and the deposition of Aljaberi on July 27, 2017. The parties engaged in extensive

discovery disputes and briefing regarding the discoverability of the financial information of Neurocare. The parties participated in an unsuccessful mediation on August 29, 2017.

{¶6} On September 18, 2017, the trial court issued a judgment entry finding allegations of misconduct reported to the Ohio State Medical Board by appellants concerning Aljaberi were discoverable and ordered appellants to turn the discovery over to counsel for Aljaberi. Appellants filed an appeal of the trial court's ruling on September 22, 2017. The trial court stayed discovery in this case on January 5, 2018 pending the appeal. However, on February 20, 2018, appellants issued a subpoena to the Cleveland Clinic to produce the complete employment file of Aljaberi. Aljaberi filed a motion to quash the subpoena since the case was on appeal with this Court. The trial court granted the motion to quash.

{¶7} In *Aljaberi v. Neurocare Center, Inc.*, 5th Dist. Stark No. 2017 CA 00176, 2018-Ohio-1800, this Court held that reports made to the Ohio State Medical Board were privileged and not subject to discovery. We remanded the case to the trial court on May 7, 2018. After the case was remanded to the trial court, the trial court set a pre-trial on June 25, 2018. On June 27, 2018, the trial court issued a judgment entry after the pre-trial, setting the case for trial on October 29, 2018.

{¶8} On July 13, 2018, appellants served their second set of interrogatories to Aljaberi. The parties had a second unsuccessful mediation on August 21, 2018. Also on August 21, 2018, counsel for Aljaberi filed a notice of suggestion of death of Aljaberi, stating Aljaberi passed away on August 15, 2018.

{¶9} Aljaberi filed a motion to dismiss claims on August 27, 2018, requesting the trial court dismiss all of the claims in its amended complaint except for Count IV, Aljaberi's

claim for conversion of his Neurocare stock. On August 29, 2018, the trial court granted Aljaberi's motion and dismissed Counts I, II, III, V, VI, and VII of Aljaberi's amended complaint, stating the matter would proceed as to Count IV of the amended complaint.

{¶10} On June 19, 2018, Aljaberi filed a motion for partial summary judgment on the conversion claim. Aljaberi argued that there was no question of fact as to whether appellants converted his Neurocare shares. Aljaberi argued that, pursuant to the Shareholder Agreement, Neurocare did not avail itself of the opportunity to purchase Aljaberi's shares and allowed the 30-day window to close, depriving Aljaberi of his share of the business revenue. Appellants filed a memorandum in opposition on July 19, 2018, arguing that Neurocare was only required to obtain the agreement of the majority of its directors to purchase Aljaberi's stock and no more affirmative step, such as notifying Aljaberi, was necessary. The trial court held an oral hearing on the motion for partial summary judgment on July 30, 2018. In August of 2018, the parties filed briefs with regards to the discoverability of Aljaberi's medical records.

{¶11} The trial court issued a judgment entry granting Aljaberi's motion for partial summary judgment on his conversion claim on August 29, 2018. The trial court found Aljaberi was entitled to a judgment as a matter of law that appellants unlawfully converted his Neurocare shares. However, the trial court reserved judgment on whether Stalker and Drake were personally liable.

{¶12} On September 5, 2018, appellants filed a motion to stay all actions and compel arbitration in accordance with the Shareholders Agreement. Though appellants acknowledged that the amended complaint contained allegations related to the Shareholders Agreement, they alleged the primary basis for Aljaberi's allegations were

premised on his wrongful termination. Appellants argued that, until the dismissal of the non-conversion claims, arbitration was not a viable option as it likely would have resulted in litigating in separate forums. Appellants contended that once Aljaberi dismissed all causes of action except the conversion claim, the only remaining issue directly related to the Shareholders Agreement. Further, appellants argued that Aljaberi has violated the Shareholders Agreement by rejecting appellants' demand to purchase his shares as a result of his death.

{¶13} On September 17, 2018, Aljaberi filed a motion to substitute Aida Safar, as executrix of the estate of Aljaberi, as the plaintiff in this action. The trial court granted the motion on September 19, 2018. Safar, as the executrix of Aljaberi's estate, is the appellee in this case.

{¶14} Appellee filed a response in opposition to the motion to stay and compel arbitration on September 19, 2018. Appellants filed a reply in support of their motion to stay all actions and compel arbitration on September 21, 2018. On October 1, 2018, both appellee and appellants filed multiple motions in limine.

{¶15} On October 18, 2018, the trial court issued a judgment entry denying appellants' motion to stay all actions and compel arbitration. The trial court found appellants' request to be untimely. Additionally, on October 18, 2018, the trial court denied appellants' motion for partial summary judgment and appellee's renewed motion for summary judgment against Stalker and Drake on the conversion claim. Prior to appellants filing their appeal, the parties filed and the trial court ruled on multiple motions in limine, and the trial court conducted a final pre-trial.

{¶16} Appellants appeal the October 18, 2018 judgment entry of the Stark County Court of Common Pleas denying their motion to stay all actions and compel arbitration and assign the following as error:

{¶17} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANT-APPELLANT'S MOTION TO STAY ACTIONS AND COMPEL ARBITRATION AS TO PLAINTIFF-APPELLEE'S CONVERSION CAUSE OF ACTION.

{¶18} "II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANT-APPELLANT'S MOTION TO STAY ALL ACTIONS AND COMPEL ARBITRATION AS TO PLAINTIFF-APPELLEE'S REFUSAL OF NEUROCARE'S BUY-BACK OFFER FOLLOWING DR. ALJABERI'S DEATH OFFERED PURSUANT TO SECTION 8 OF THE SHAREHOLDERS AGREEMENT."

I.

{¶19} In their first assignment of error, appellants contend the trial court abused its discretion when it denied their motion to stay action and compel arbitration as to appellee's conversion cause of action.

{¶20} "Both the Ohio General Assembly and Ohio courts have expressed a strong public policy favoring arbitration." *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408. R.C. 2711.01(A) provides an arbitration agreement "shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract." R.C. 2711.02 provides for enforcement of an arbitration agreement. A party to such agreement may obtain a stay of litigation in favor of arbitration under R.C. 2711.02(B), which states:

If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

**{¶21}** Moreover, an order under R.C. 2711.02(B) that grants or denies a stay of a trial pending arbitration "is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure* * *."

**{¶22}** Our standard of review for a R.C. 2711.02(B) order depends on the nature of the issues involved. Here, the issue is whether appellants waived the right to arbitrate. "The right to arbitration may be waived just like any other contractual right." *Murtha v. Ravines of McNaughton Condo. Assn.*, 10th Dist. Franklin No. 09AP-709, 2010-Ohio-1325. The question of waiver is usually a fact-driven issue and an appellate court will not reverse the trial court's decision absent a showing of an abuse of discretion. *Craver v. Tomsic*, 5th Dist. Delaware No. 13 CAE 11 0078, 2014-Ohio-2603. An abuse of discretion means the trial court's decision is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶23}** "A party asserting waiver must prove that the waiving party knew of the existing right to arbitrate and, based on the totality of the circumstances, acted inconsistently with that known right." *Craver v. Tomsic*, 5th Dist. Delaware No. 13 CAE 11 0078, 2014-Ohio-2603, quoting *Murtha v. Ravines of McNaughton Condo. Assn.*, 10th

Dist. Franklin No. 09AP-709, 2010-Ohio-1325. In determining whether the totality of the circumstances supports a finding of waiver, the court may consider such factors as: (1) whether the party seeking arbitration invoked the court's jurisdiction by filing a complaint or claim without first requesting a stay; (2) the delay, if any, by the party seeking arbitration to request a stay; (3) the extent to which the party seeking arbitration has participated in the litigation, including a determination of the status of discovery, dispositive motions, and the trial date; and (4) whether prior inconsistent acts by the party seeking arbitration would prejudice the non-moving party. *Id.* "Waiver attaches where there is active participation in a lawsuit evincing an acquiescence to proceeding in a judicial forum." *Id.*, citing *Tinker v. Oldaker*, 10th Dist. Franklin No. 03AP-671. 2004-Ohio-3316.

{¶24} Appellants contend the totality of the circumstances do not support a finding of wavier because: appellee only recently dismissed her non-arbitrable claims; appellants never filed any pleading invoking the jurisdiction of the trial court; much of the discovery in this case involved non-arbitrable claims; and appellee failed to show prejudice.

{¶25} Upon review, we find, considering the totality of the circumstances, the trial court did not abuse its discretion in finding appellants waived their right to arbitrate. The original complaint alleged appellants breached their duties to Aljaberi in his capacity as a shareholder of Neurocare pursuant to the Shareholders' Agreement. These claims contained in the original complaint arose or were related to the Shareholders Agreement. The Shareholders Agreement was attached as an exhibit to the complaint. Because the arbitration provision of the Shareholders Agreement provides "all disputes arising directly, indirectly, or otherwise in connection with, out of, related, or from this Agreement * * *," appellants' right to arbitrate was triggered in December of 2016 when Aljaberi filed his

complaint. Thus, there was an extensive delay in appellants' request for arbitration as they did not file their motion until September of 2018. We find in this case it was not an abuse of discretion for the trial court to determine this delay was sufficient to establish waiver of the right to arbitrate.

{¶26} Further, even if we accept appellants' argument that they could not request arbitration until Aljaberi filed his amended complaint in May of 2017, there was still a significant delay before appellants moved to compel arbitration. Though appellants argue that, up until the point when appellee dismissed the non-arbitrable claims, the case was not arbitrable, this Court has consistently held that, if there are arbitrable and non-arbitrable claims, the entire proceeding must be stayed until the issues subject to arbitration are resolved. *Litman v. HCR Manorcare, Inc.*, 5th Dist. Stark No. 2014CA00224, 2015–Ohio–2637; *Garber v. Buckeye Chrysler–Jeep–Dodge of Shelby*, 5th Dist. Richland No. 2007–CA–0121, 2008–Ohio–3553, 2008-Ohio-3553. Thus, appellants did not have to delay in moving to compel arbitration simply because the complaint and/or amended complaint contained non-arbitrable claims.

{¶27} Additionally, appellants have extensively participated in the litigation in this case. As detailed in the factual and procedural history above, the parties have engaged in extensive written discovery, conducted depositions, appeared in front of the trial court for pre-trial conferences, briefed and received rulings as to multiple discovery issues, and participated in two mediations. Most significantly, appellants waited until after the trial court granted appellee's motion for partial summary judgment that appellants unlawfully converted Aljaberi's Neurocare shares and waited until the trial was approximately seven weeks away.

**{¶28}** As to the prejudice to appellee, based upon the ruling by the trial court on the motion for partial summary judgment, the extensive discovery conducted and concluded in this case, and the proximity of the motion to compel arbitration to the trial in this case, we find the trial court did not abuse its discretion in finding appellee would suffer significant prejudice.

**{¶29}** We find the trial court did not abuse its discretion in determining appellants actively participated in the lawsuit evincing an acquiescence to proceeding in a judicial forum and thus waived their right to arbitrate. Appellants' first assignment of error is overruled.

II.

**{¶30}** In their second assignment of error, appellants contend the trial court abused its discretion in denying their motion to compel arbitration as to appellee's refusal of Neurocare's buy-back offer following Aljaberi's death offered pursuant to the Shareholders Agreement. Appellants argue that once the trial court granted partial summary judgment and found Aljaberi's Neurocare shares were converted, the transfer was deemed null and void pursuant to the Shareholders Agreement and Aljaberi's estate was required to sell back his shares to Neurocare, and thus the trial court should have granted their motion to compel arbitration.

**{¶31}** As detailed above and upon a review of the totality of the circumstances, we find the trial court did not abuse its discretion in finding appellants waived their right to arbitrate in this case. Further, Aljaberi's death and/or the trial court's ruling on the motion for partial summary judgment did not create a new action or create a new or separate right to arbitration. Upon Aljaberi's death, appellee was substituted as plaintiff

and she maintains the same claims against appellants to recover damages for Aljaberi's estate.

**{¶32}** Appellants' second assignment of error is overruled.

**{¶33}** Based on the foregoing, appellants' assignments of error are overruled.

**{¶34}** The October 18, 2018 judgment entry of the Stark County Court of Common Pleas denying appellants' motion to stay all actions and compel arbitration is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Delaney, J., concur